STATE of Alaska DEPARTMENT OF TRANSPORTATION AND PUBLIC FACILITIES, Appellant,

v.

Harold H. GRONROOS, Appellee.

No. S–508.

Supreme Court of Alaska.

April 12, 1985.

Michael A. Barcott, Faulkner, Banfield, Doogan & Holmes, Anchorage, for appellant.

Law Offices of William M. Erwin, William M. Erwin, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

This case concerns whether the Alaska Workers' Compensation Board (Board) erred when it relied on subsection (2) of former AS 23.30.220 in calculating seasonal employee Harold H. Gronroos' weekly wages as a basis for determining temporary disability compensation. We hold that Mr. Gronroos' circumstances require the Board to make a "fairness determination" under subsection (3) of former AS 23.30.-220 and we therefore reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Gronroos retired in 1977 from his position as a community relations officer with the United States Park Service. His salary upon retirement was approximately $42,000.

Mr. Gronroos unsuccessfully sought executive employment on a full-time basis from the latter part of 1977 until April 1980. At that time, he found employment with the State of Alaska Department of Transportation and Public Facilities (State) as a field materials technician. The job was classified as a permanent seasonal position and Mr. Gronroos expected it to last about six months each year. The salary was approximately $2,000 per month. Mr. Gronroos contended that he would have preferred full-time work, but found that the seasonal job was ideal for his circumstances. The job supplemented his retirement income, yet permitted him vacation time in Hawaii.

Mr. Gronroos was working for the State of Alaska on September 5, 1980 when he jarred his back while on the job. He filed a claim for temporary total disability benefits with the Board. The Board ordered the state to pay Mr. Gronroos compensation based upon the method of calculation contained in AS 23.30.220(2). The state appealed the decision with regard to the wage calculation. Superior Court Judge Milton Souter affirmed the Board's decision. The state appeals.

## II. DISCUSSION

Prior to its 1983 amendment, AS 23.30.-220 [1] provided alternative methods by which the Board determined the average weekly wage of the injured employee for the purpose of computing temporary disability compensation. Subsection (2) provided a mathematical formula based on the employee's most favorable earnings within the past three years. Subsection (3) provided an alternative means of calculating the wage where wages at the time of injury could not be fairly calculated under subsection (2), or could not otherwise be ascer-

1. AS 23.30.220 as amended in 1979 provided in pertinent part:

*Determination of average weekly wage.* Except as otherwise provided in AS 23.30.005–23.30.270, this chapter, the average weekly wage of the injured employee at the time of the injury is the basis for computing compensation, and is determined as follows:

. . .

(2) the average weekly wage is that most favorable to the employee calculated by dividing 52 into the total wages earned, including self-employment, in any one of the three calendar years immediately preceding the injury;

(3) if the board determines that the wage at the time of the injury cannot be fairly calculated under (2) of this section, or cannot otherwise be ascertained without undue hardship to the employee, the wage for calculating compensation shall be the usual wage for similar service rendered by paid employees under similar circumstances, as determined by the board. . . .

tained without undue hardship to the employee.

■ The Board determined that the "fairness" language of AS 23.30.220 compels the Board to calculate the employee's weekly wage under the alternative method in subsection (3) only if under subsection (2) the employee's weekly wage "cannot be calculated in a manner fair to the employee." We conclude that the Board misconstrued AS 23.30.220. Fairness must be shown to both the employee and the *employer* in evaluating whether the wage at the time of injury can be fairly calculated under subsection (2).

We stated recently that "[i]f claimant's part-time relation to the labor market is 'clear, *and above all if there is no reason to suppose it will change in the future period into which disability extends,* then it is unrealistic to turn a part-time able-bodied worker into a full-time disabled worker.'" *Deuser v. State,* 697 P.2d 647, 650 n. 2 (Alaska 1985), *quoting* 2 A. Larson, The Law of Workmen's Compensation § 60.-21(c), at 10–592 (1983) (emphasis in Larson)). In *Deuser,* we relied upon *Johnson v. RCA–OMS, Inc.,* 681 P.2d 905 (Alaska 1984), in holding that the Board should apply subsection (3) where a discrepancy between average weekly wages computed under subsection (2) and probable future weekly wages is "so substantial that application of the subsection (2) formula clearly does not fairly reflect [the claimant's] wage-earning capacity." *Johnson,* 681 P.2d at 907.

■ The Board's subsection (2) calculation turns Mr. Gronroos, who was employed at the time of injury as a seasonal field technician, into a full-time disabled worker. His average weekly wage computed under subsection (2) would be based upon his highest annual earnings in the three years before he retired from his National Park Service community relations position. The year he retired he earned $42,-000, yielding an average weekly wage of approximately $545. At the time of injury, Mr. Gronroos' gross pay as a seasonal field technician was approximately $2,000 per month. Assuming the job lasted, as Mr. Gronroos expected,[2] six months per year, he would have earned $12,000, yielding an average weekly wage of approximately $231. Since the annual duration of Mr. Gronroos' federal position was twice that of his seasonal position, the use of subsection (2) provides him with a compensation wage base of over twice his wage base at the time of injury. The disparity between Mr. Gronroos' salary as a full-time community relations officer and his salary as a seasonal field technician is so substantial that application of the subsection (2) formula clearly does not fairly reflect his probable future earning capacity.

■ It is entirely reasonable to focus upon probable future earnings during the period into which disability extends when the injured employee seeks temporary disability compensation. *See Deuser,* 697 P.2d at 650. Where an employee has recently retired from full-time employment and takes a seasonal job at which he is injured, or the converse,[3] a subsection (2) calculation frequently will not fairly reflect the employee's future earnings in the period into which temporary disability extends. In those circumstances, the Board must determine the average weekly wage of the injured employee under subsection (3).

The judgment is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.

---

**2.** Mr. Gronroos' intentions as to employment in the future are relevant to a determination of future earning capacity. *Vetter v. Alaska Workmen's Compensation Board,* 524 P.2d 264, 266 (Alaska 1974). *See State v. Dupree,* 664 P.2d 562, 567 n. 1 (Alaska 1983).

**3.** *See Johnson v. RCA–OMS, Inc.,* 681 P.2d 905, 906 (Alaska 1984) (employee was earning over twice his previous military salary in a civilian position at the time of injury).